FILED
U.S DISTRICT COURT
DIV.
2012 JUN 14 PM 4: 14

CLERK _R au_
SO. DIST. OF GA.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ROBERT FRANK SMITH,         :

      Plaintiff,           :

v.                      :        CIVIL ACTION NO.: CV612-040

DEBORAH M. KING; Ms. THORTON;  :
Dr. BROOME; JOHN PAUL; GEORGIA  :
DEPARTMENT OF CORRECTIONS;  :
and BRIAN OWENS,          :

      Defendants.        :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Johnson State Prison in Wrightsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he suffers from hepatitis C and arthritis. According to Plaintiff, he was denied his prescribed medications and the opportunity to see a specialist. However, Plaintiff alleges, that the physician's assistant, Defendant Thornton, saw him on several occasions, he was referred to a specialist, and that he received pain medications on several occasions. Plaintiff asserts that the pain medication was insufficient to address his hepatitis C and that a general doctor, such as Defendant Broome, could not properly manage his conditions.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious

2

medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). Estelle's subjective standard does not require that the medical care provided to a prisoner be perfect. Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980). Thus, not every claim that a prisoner has not received adequate medical care states a violation of the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The medical care provided to inmates need not be "perfect, the best obtainable, or even very good." Id. at 1510 (quoting Brown, 481 F. Supp. at 726). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

A review of Plaintiff's pleadings reveals that he feels he should have received different or better medical care and treatment while he was housed at Georgia State Prison. This is an insufficient basis for liability under § 1983. Plaintiff's claims against Defendants Broome and Thornton should be dismissed.

Plaintiff also names as Defendants: Deborah King, the Medical Director at Georgia State Prison; John Paul, the Deputy Warden of Care and Treatment; the Georgia Department of Corrections, Office of the Ombudsman; and Brian Owens, Commissioner of the Georgia Department of Corrections. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged

AO 72A
(Rev. 8/82)

constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As it appears that Plaintiff's claims against Defendants King, Paul, and Owens are based on their supervisory positions, his claims against them should be dismissed.

In addition, a lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against the Georgia Department of Corrections, Office of the Ombudsman, the Eleventh Amendment immunizes this office from suit. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Thus, Plaintiff's claims against the Georgia Department of Corrections, Office of the Ombudsman, should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** based on his failure to state a claim for relief under 42 U.S.C. § 1983.

**SO REPORTED** and **RECOMMENDED**, this _14th_ day of June, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)